UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RENATA MARIE DAGGS** | **CIV. ACTION NO. 3:20-00440** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **OCHSNER L. S. U. HEALTH SYSTEM OF NORTH LOUISIANA** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion for sanctions and to dismiss [doc. # 30] filed by Defendant Ochsner LSU Health System of North Louisiana. The motion is unopposed. For reasons assigned below, it is recommended that the motion be GRANTED.

### Background

On April 7, 2020, Plaintiff pro se Renata Daggs filed the instant complaint against her former employer, Ochsner LSU Health Systems of North Louisiana ("OLHS-NL"). In her omnibus 50-page long complaint, Plaintiff catalogued a series of wrongs that apparently began in 2015 when she made anonymous complaints regarding inadequate medical care that her employer was providing to psychiatric patients, which eventually culminated with an on-the-job eye injury following a patient assault in November 2018, her termination from employment in February 2019, and the suspension of her nursing license in March 2019, which was upheld in November 2019 following a July 2019 hearing.

On July 29, 2020, OLHS-NL filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted [doc. # 5], which the court ultimately granted-in-part and

denied-in-part.  *See* Report and Recommendation and Judgment [doc. #s 12 & 22].[1]

On March 22, 2021, OLHS-NL filed its Answer.  [doc. # 16].  That same day, the court issued its Civil Case Management Order ("CCMO"), which required the parties to hold a Rule 26(f) conference by April 12, 2021, and to file a case management plan within seven days after their meeting.  *See* CCMO [doc. # 17].  Plaintiff, however, did not make herself available for a meeting with defense counsel, and, thus, Defendant was compelled to file a unilateral Rule 26(f) Report.  [doc. # 18].

The CCMO also required the parties to exchange initial disclosures by April 19, 2021 (within 7 days after the conference).  *See* CCMO and FED. R. CIV. P. 26(a)(1)(C).  Again, however, Plaintiff did not heed the order, and did not respond to efforts by defense counsel to reach out to her to discuss the matter.  *See* Emails from M. Spell to R. Daggs; M/Compel Exhs. 1-2 [doc. #s 24-1&2].

On May 24, 2021, OLHS-NL served Plaintiff with its First Set of Interrogatories and its First Request for Production of Documents.  (M/Compel, Exh. 3 [doc. # 24-4]).  By rule, Plaintiff's responses to the discovery requests were due by June 23, 2021.  However, Plaintiff failed to respond to the discovery requests and ignored defense counsel's efforts to communicate with her to resolve the issue.  *See* Emails from M. Spell to R. Daggs; M/Compel, Exhs. 4-5 [doc. # 24-5].  Consequently, on July 13, 2021, OLHS-NL filed a motion to compel Plaintiff to provide her initial disclosures and to respond to the outstanding discovery requests.  (M/Compel

---

[1] Disposition of the motion to dismiss was delayed, in part, by Plaintiff's practice of sending her proposed filings to the chambers courtesy copy email address instead of filing them with the Clerk of Court.  *See* Report and Recommendation.

[doc. # 24]). Plaintiff did not file a response to the motion.[2]

On August 27, 2021, the undersigned granted OLHS-NL's unopposed motion, ordering Plaintiff to provide Defendant with her Rule 26(a) initial disclosures and to respond fully and completely to Defendant's interrogatories and requests for production by September 6, 2021. (Mem. Order [doc. # 29]). By the same deadline, the court further ordered Plaintiff to pay Defendant the sum of $200 as reasonable attorney's fees for having to file the motion to compel. *Id*. The court cautioned Plaintiff that if she failed to comply, then she potentially faced more severe sanctions, including dismissal of her case, pursuant to Rule 37(b). *Id*.

On September 20, 2021, OLHS-NL filed the instant motion for sanctions and to dismiss pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure. In support of its motion, OLHS-NL represented that Plaintiff failed to comply with the court order requiring her to provide initial disclosures, discovery responses, and $200 in attorney's fees.

Defendant stated that, on September 13, 2021, defense counsel emailed Plaintiff regarding her non-compliance, but received no response. *See* Sept. 13, 2021, Email from M. Spell to R. Daggs; M/Sanctions, Exh. 1 [doc. # 30-2]. Defense counsel again emailed Plaintiff on September 19, 2021, and stated that she would call Plaintiff the next morning. (Sept. 19, 2021, Email from M. Spell to R. Daggs; M/Sanctions, Exh. 2 [doc. # 30-3]). On September 20, 2021, Plaintiff replied that,

---

[2] On July 26, 2021, Plaintiff called the Clerk of Court and advised that she was not receiving any correspondence unless she made several calls to other agencies. She explained that she had her mail "rerouted." The Clerk of Court confirmed that Plaintiff's address was correct. On August 3, 2021, Plaintiff sent an email to the undersigned's courtesy copies email address that appeared to comprise screenshots or links to news articles from various Google searches.

3

> [w]ith all due respect, this case has been handled in a rogue manner since its onset. I will not be bullied or intimidated into participating in the deprivation of my Constitutional Rights.
>
> You are well aware that I requested a hearing prior to ANY private discussions or exchanges, yet to [sic] continued to request matters to be handle [sic] by record only and by filing ex parte motions.
>
> Both you and the Western District Courthouse are aware of what has repeatedly taken place because they are noted in emailed [sic] and documents from both locations.
>
> SF95
> Interior Dept
> FBI

(Sept. 20, 2021, Email from R. Daggs to M. Spell; M/Sanctions, Exh. 5 [doc. # 30-6]).

OLHS-NL contends that it has been prejudiced in its ability to defend this suit because of Plaintiff's ongoing refusal to participate in the discovery process, as well as her failure to comply with court orders and deadlines. Accordingly, OLHS seeks dismissal of Plaintiff's suit pursuant to Rules 37 and 41.

Plaintiff did not file a response to the motion, and the time to do so has passed. *See* Notice of Motion Setting [doc. # 31 (response due October 12, 2021)]. Accordingly, the motion is deemed unopposed. *Id*.

## **Analysis**

Rule 37(b)(2) provides that when "a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders . . ." which may include an order "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v). Dismissal, however, is a severe and draconian sanction that should be employed as a remedy of last resort. *F.D.I.C. v. Conner*,

20 F.3d 1376, 1380 (5th Cir. 1994) (citations omitted).  Accordingly,

> for a court to justify dismissal as a sanction for violating a discovery order, each of the following factors must be clearly present in the record: (1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation must be attributable to the client instead of the attorney; (3) the violating party's misconduct must substantially prejudice the opposing party's preparation for trial; and (4) a less drastic sanction would [not] substantially achieve the desired deterrent effect.

*Cruz v. Maverick Cty.*, 957 F.3d 563, 569 (5th Cir. 2020) (citation and internal quotation marks omitted); *see also Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514 (5th Cir. 1985). The Fifth Circuit further requires that "some lesser, preliminary sanction be proven futile before resorting to dismissal." *Id*. (citation omitted).

Similarly, Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b) (in pertinent part).  Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted).  In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not h[er] attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case.  As discussed above, Plaintiff has ignored more than one court order.  Furthermore,

5

Plaintiff's unrepentant flaunting of court orders[3] reflects her own contumaciouness or "stubborn resistance to authority"[4] which is personally attributable to her as a litigant unrepresented by counsel.[5]

At this stage, the court is compelled to agree that Defendant has suffered cognizable prejudice in presenting its defense in light of Plaintiff's persistent and intransigent unwillingness to heed her discovery obligations and the associated orders of the court. In fact, Plaintiff has not deigned to grace the court with a response to Defendant's current or prior motion. Moreover, the court has endeavored to motivate Plaintiff's compliance by employing the less drastic sanction of an attorney's fee award, together with what amounted to an extension of time, all to no avail.[6]

Accordingly, upon consideration, the court is constrained to find that this matter is subject to dismissal for failure to prosecute/heed orders of the court.

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that defendant OLHS-NL's motion for sanctions and for dismissal [doc. # 30] be GRANTED and that Plaintiff's complaint be DISMISSED. FED. R. CIV.

---

[3] This report and recommendation itself provides Plaintiff with further notice of her non-compliance.

[4] *See Millan, supra*.

[5] While the court is aware that Plaintiff is not represented by counsel, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

[6] Certainly, if Plaintiff experiences a last minute change of heart and decides that she, in fact, is willing, ready, and able to abide her litigation responsibilities, then she may point that out in her objection to the instant report and recommendation.

P. 37(b) and/or 41(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party=s objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 22nd day of November, 2021.

Kayla Dye McClusky
UNITED STATES MAGISTRATE JUDGE